**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/10/2023

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, : | |
| : | |
| Applicant, : | |
| : | |
| v. : | No. 1:23-mc-51 (VEC) |
| : | |
| CHARLES THOMAS SCHMIDT; : | |
| PARTY SHUTTLE TOURS, LLC; : | |
| CITY INFO EXPERTS, LLC; : | |
| UNIVERSAL SMART CONTRACTS, LLC; : | |
| : | |
| Respondents. : | |

## NOTICE OF NATIONAL LABOR RELATIONS BOARD'S MOTION TO RECONSIDER OR MODIFY

**PLEASE TAKE NOTICE** that the National Labor Relations Board ("the NLRB"), an administrative agency of the Federal Government, respectfully moves for this honorable Court, pursuant to Local Civ. R. 6.3 and this Court's inherent authority, to reconsider or modify its August 4, 2023 Order [ECF No. 17] requiring the NLRB to serve Respondents pursuant to Fed. R. Civ. P. 4.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, the NLRB shall rely upon the attached Memorandum of Law in Support and the exhibits attached thereto.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, to the relief herein shall be in writing, filed with the Clerk of the District Court and served upon the undersigned no later than fourteen days (14) after the filing of this Motion pursuant to Local Civ. R. 6.1(b).

**WHEREFORE**, the NLRB respectfully prays that the Court reconsider its Order to Show Cause of August 4, 2023, to the extent that it found that Rule 4 service is required when Rule 81 and an applicable statute provide for other means of service granting other relief as may be necessary and appropriate. Alternatively, the NLRB requests that that Order be modified to

1

permit the Application to be served by certified mail, with the costs of service taxed against the

Respondents.

Dated in Washington, D.C.
this 9th day of August, 2023.

                                        Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

*/s/ David P. Boehm*
DAVID P. BOEHM
*Trial Attorney* (D.C. Bar 1033755)
Tel: (202) 273-4202
david.boehm@nlrb.gov

AMANDA LEONARD
*Trial Attorney*

PAUL A. THOMAS
*Supervising Attorney*

Contempt, Compliance, &
Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003
Fax: (202) 273-4244

## CERTIFICATE OF SERVICE

I certify that on August 9, 2023, the foregoing document, memorandum in support, and exhibits have been electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                              s/David P. Boehm
                                                              David P. Boehm

Application GRANTED in part.

The NLRB's contention that the Fourth Circuit in *National Labor Relations Board v. Baker*, 1998 WL 827373 (4th Cir. Dec. 1, 1998), categorically exempted the NLRB from complying with Federal Rule of Civil Procedure 4 is incorrect. The Court in that case emphasized that Rule 4 is "strictly enforced," but held that the district court appropriately exercised its authority under Rule 81 to authorize service by additional means. *See id*. at *3.

The Court finds that the NLRB has not adequately demonstrated that service by the means prescribed in N.Y. C.P.L.R. § 308 is impracticable such that service through alternative means is necessary. *See id*. § 308(5) (permitting service through alternative means if "service is impracticable" through the methods enumerated in N.Y. C.P.L.R. § 308(1)-(4)). Although the NLRB has attempted but failed to serve Respondents by personally delivering the papers, New York law also permits service by other methods. Mot. Ex. 2, Dkt. 18. The NLRB has not demonstrated that service pursuant under other means authorized by N.Y. C.P.L.R. § 308 are not practicable. For example, the NLRB does not argue that it is has tried, but cannot, affix the papers to the door of Respondents' dwelling or usual place of business and mail the papers to Respondents in accordance with the procedures set forth in N.Y. C.P.L.R. § 308(4).

The Court will, however, grant the NLRB an extension of time to effect service in light of the difficulties it has experienced in serving Respondents. The NLRB's deadline to perfect service and file proof of service is **Friday, September 1, 2023**. If Respondents fail to comply with the NLRB's subpoenas by **September 8, 2023**, the Court will be inclined to grant the NLRB's motion to compel Respondents to comply with the administrative subpoenas. *See* Order, Dkt. 17. The parties must file a joint status update by **September 11, 2023**, stating whether Respondents have complied with the administrative subpoenas or whether the parties have agreed to a schedule for compliance.

The Court further finds that the NLRB is entitled to reimbursement of the costs of service incurred after August 4, 2023, as a result of Respondents' failure to return a waiver of service and efforts to evade service. *See* Fed. R. Civ. P. 4(d).

The NLRB is ordered to serve a copy of this endorsed order on Respondents in addition to the Petition and Order to Show Cause.

SO ORDERED.

08/10/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE