USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
NATIONAL LABOR RELATIONS BOARD,          :
                                         :
                          Petitioner,    :
                                         :                  23-MC-51 (VEC)
            -against-                    :
                                         :                  OPINION & ORDER
                                         :
CHARLES THOMAS SCHMIDT,                   :
PARTY SHUTTLE TOURS, LLC,                 :
CITY INFO EXPERTS, LLC,                   :
UNIVERSAL SMART CONTRACTS, LLC,           :
                                         :
                          Respondents.   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        The National Labor Relations Board ("NLRB") moved to compel Respondents Charles

Thomas Schmidt, Party Shuttle Tours, LLC ("PST"), City Info Experts, LLC ("CIE"), and

Universal Smart Contracts, LLC ("USC") to comply with certain subpoenas *duces tecum* and for

an award of fees and costs. *See* Pet., Dkt. 1.  Respondents moved to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1), (2), and (3), and, in the alternative, to transfer the case to the

Southern District of Texas. *See* Mot., Dkt. 9.  For the reasons discussed below, Respondents'

motions to dismiss and to transfer are DENIED; the NLRB's motions to compel compliance with

administrative subpoenas and for an award of fees and costs are GRANTED.

## BACKGROUND[1]

        In 2013 the NLRB determined that New York Party Shuttle, LLC ("NYPS") wrongfully

fired Fred Pflantzer for union-related activity and awarded Mr. Pflantzer backpay. *N.Y. Party*

---

[1]        In resolving the motion to dismiss, the Court takes all alleged facts as true and draws all reasonable
inferences in favor of the nonmoving party, except when resolving the issue of subject matter jurisdiction. *See
Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (discussing Rule 12(b)(1)); *Licci ex rel.
Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (discussing Rule 12(b)(2)); *Blakely v.
Lew*, No. 13-CV-2140 (JMF), 2013 WL 6847102, at *1 (discussing Rule 12(b)(3)).

*Shuttle, L.L.C. v. N.L.R.B.*, 18 F.4th 753, 758 (5th Cir. 2021).  In 2020 the NLRB found that several entities, including NYPS and PST, were jointly and severally liable for the compensation due to Mr. Pflantzer because, *inter alia*, they were a single employer.  *Id.* at 759 n.2.  According to the NLRB, Charles Schmidt is the principal owner, organizer, or executive officer of PST, CIE, and USC; Mr. Schmidt has appeared on behalf of all Respondents.  *See* Pet. Ex. 1, ("Pet. Mem.," Dkt. 4 at 1–2.

A decade after it was ordered to do so, NYPS has still not paid Mr. Pflantzer.  *See id.* at 3–4.  The NLRB issued the instant subpoenas as part of its investigation into the relationship among Respondents to determine whether they are part of a single, integrated enterprise or otherwise jointly liable for the money due to Mr. Pflantzer.  *See id.* at 4–5, 8, 11.

On March 10, 2023, the Court ordered Respondents to show cause why the motion to compel compliance with administrative subpoenas should not be granted.  Order, Dkt. 6. Respondents cross-moved to dismiss for lack of personal jurisdiction and lack of subject matter jurisdiction, and, in the alternative, to transfer the case to the Southern District of Texas.  Resp'ts Mem., Dkt. 10.  On August 4, 2023, the Court ordered the NLRB to perfect service on Respondents, and the NLRB filed proof of service on August 23, 2023.  Order, Dkt. 20. Respondents have not produced the items requested by the subpoenas.  Letter, Dkt. 21.

## DISCUSSION

### I.     The Motion to Dismiss for Lack of Personal Jurisdiction Is Denied

#### A.  Legal Standard

The National Labor Relation Act ("NLRA") provides that the NLRB may seek to enforce a subpoena in "any district court of the United States . . . within the jurisdiction of which the inquiry carried on."  29 U.S.C. § 161(2).  The generally-applicable requirements of personal jurisdiction apply in suits to enforce subpoenas issued by the executive branch.  *See SEC v.*

*Comm. on Ways and Means of the U.S. House of Reps.*, 161 F. Supp. 3d 199, 222 (S.D.N.Y. 2015) (holding that Securities and Exchange Act, which contains jurisdictional language nearly identical to the NLRA,[2] "permits the exercise of personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment") (cleaned up); *Kaynard v. Amalgamated Meat Cutters and Butcher Works of N. Am., AFL-CIO*, 1970 WL 5436, at *2 (E.D.NY. Mar. 16, 1970) ("Personal jurisdiction presents no problem in view of Section 11(5) of the [NLRA] which permits service of process upon a 'person' wherever he may be found.").

Courts look to the respondents' contacts with the forum to determine whether the exercise of personal jurisdiction comports with the requirements of due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012). Petitioner must demonstrate that these requirements are met for each respondent and that service of process complied with Federal Rule of Civil Procedure 4. *See id.* (setting forth the requirements of personal jurisdiction); *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) (noting that personal jurisdiction must be established as to each respondent).

To the extent that there has not been a "full-blown evidentiary hearing," petitioner "need only make a prima facie showing of personal jurisdiction." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) (cleaned up). Petitioner, however, "must make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (internal quotation omitted); *see also Penguin Grp. (USA) Inc. v. Am.*

---

[2]      The Securities and Exchange Act permits the SEC to "invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on" to enforce the SEC's subpoenas.  17 U.S.C. § 78u(c).

*Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) (stating that a prima facie showing of jurisdiction includes "an averment of facts that, if credited, would suffice to establish jurisdiction over the [respondent]" (cleaned up)).

### A.  Service of the Petition and Order to Show Cause Was Proper

Administrative subpoena enforcement proceedings are governed by Federal Rule of Civil Procedure 81, which does not require service of a summons; accordingly, service of the Petition and Order to Show Cause is sufficient to confer jurisdiction.  *See N.L.R.B. v. Baker*, No. 97-124-M, 1998 WL 1050895, at *2 (E.D. Va. Jan. 22, 1998), *aff'd*, 166 F.3d 333 (Table) (4th Cir. 1998) (holding that federal courts may assert personal jurisdiction in a subpoena enforcement proceeding by service of the order to show cause and the petition).  Federal Rules of Civil Procedure 4(e)(1) and 4(h) provide that service of process on an individual or corporation may be made, *inter alia*, in accordance with the laws of the state in which the district court is located. Following the Court's Order requiring the NLRB to perfect service, the NLRB served the Order to Show Cause and Petition on Respondents in accordance with N.Y. C.P.L.R. § 308(4). Certificate of Service, Dkt. 20.  Accordingly, the NLRB has properly served Respondents.

### B.  Respondents Have Minimum Contacts with the Forum State

The Court's assertion of personal jurisdiction comports with constitutional principles of due process.  In cases to enforce administrative subpoenas issued by the executive branch, the minimum contacts inquiry focuses on the Respondents' contacts with the United States as a whole.  *SEC v. Comm. on Ways and Means of the U.S. House of Reps.*, 161 F. Supp. 3d at 222 (collecting cases).  "And plainly, where, as here, the Respondents reside within the territorial boundaries of the United States, the minimum contacts, required to justify the federal government's exercise of power over them, are present."  *Id*.

### C.  The Exercise of Personal Jurisdiction Is Not Unreasonable

The exercise of personal jurisdiction also comports with notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  "[T]he court must evaluate the following factors as part of this reasonableness analysis: (1) the burden that the exercise of jurisdiction will impose on the [respondents]; (2) the interests of the forum state in adjudicating the case; (3) the applicant's interest in obtaining a convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Met. Life Ins. Co. v. Roberston-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (citing *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 113–14 (1987)).

"[W]hile most courts continue to apply the test as a constitutional floor to protect litigants from truly undue burdens, few have ever declined jurisdiction, on fairness grounds . . . ." *Comm. on Ways and Means of the U.S. House of Reps.*, 161 F. Supp. 3d at 223.  Furthermore, "[t]he reasonableness inquiry is largely academic in non-diversity cases brought under a federal law which provides for nationwide service of process, because of the strong federal interests involved." *Id.* (cleaned up).

Respondents primarily argue that the assertion of personal jurisdiction is unreasonable because they all reside in Texas and that New York state has no meaningful connection to the instant litigation.  Resp'ts Mem. ¶ 37.  The "conveniences of modern transportation and communication ease any burden the defense of this case in New York might impose" on Respondents.  *Licci*, 732 F.3d at 174.  Furthermore, New York state has a substantial interest in remediating unfair labor practices that occurred within its jurisdiction.  In sum, the Court finds that none of the reasonableness factors counsels against the exercise of personal jurisdiction.

## II.      The Court Has Subject Matter Jurisdiction and Venue Is Proper

### A.  The Motion to Dismiss for Lack of Subject Matter Jurisdiction and Venue Is Denied

Courts examine several factors to determine whether a court possesses subject matter jurisdiction over an NLRB subpoena enforcement action pursuant to Section 11 of the NLRA, including:

> the place where the agency held its hearing, the place where it made the decision to authorize the investigation, the place where the subpoenas were issued, the place where its correspondence emanated, the place where the agency determined that unlawful actions had occurred, the location of the documents and witnesses, and the location of the headquarters of the subpoenaed company.

*N.L.R.B. v. Cooper Tire & Rubber Co.*, 438 F.3d 1198, 1201 (D.C. Cir. 2006) (cleaned up). None of these factors alone is dispositive; rather, they help guide a court's determination as to whether the jurisdiction "bears a reasonable relation to the subject matter of the investigation." *Id*. (cleaned up).  While the issue of subject-matter jurisdiction and venue are generally distinct, in administrative subpoena enforcement actions, "the two inquiries merge."  *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 248 (D.C. Cir. 2005).

The Court finds that it has subject matter jurisdiction to enforce the NLRB's subpoenas, and venue is proper in this district.  The alleged unfair labor practice occurred within this district, and NYPS, which the NLRB asserts is owned by Mr. Schmidt and is part of the same entity as PST, CIE, and USC, was headquartered in this district.  *See* Pet. at 2; Pet. Ex. 1 ("NYPS Questionnaire") at 1, *NLRB v. N.Y. Party Shuttle, LLC*, No. 15-MC-233 (S.D.N.Y. 2015). Accordingly, a significant number of the relevant documents and witnesses are likely to be located in this district.  Finally, the underlying unfair labor practice hearing was held in New York.  *See* Pet. Ex. 2 ("2013 NLRB Op.") at 1048, Dkt. 4.

6

### III.     The Motion to Transfer Is Denied

The Court has "broad discretion" in deciding whether to transfer this matter to the

Southern District of Texas, *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); it

declines to do so.  "For the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought."  28 U.S.C. § 1404(a).  As the moving party, Respondents bear the burden of

demonstrating that convenience requires transfer.  *Dickerson v. Novartis Corp.*, 315 F.R.D. 18,

27 (S.D.N.Y. 2016) (citations omitted).  In determining whether transfer is appropriate, courts

consider several factors, including:

> (1) the convenience of the witnesses; (2) the convenience of the
> parties; (3) the location of relevant documents and the relative ease
> of access to sources of proof; (4) the locus of operative facts; (5)
> the availability of process to compel the attendance of unwilling
> witnesses; (6) the relative means of the parties; (7) the forum's
> familiarity with the governing law; (8) the weight accorded the
> plaintiff's choice of forum; and (9) trial efficiency and the interests
> of justice.

*Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (internal

quotation omitted).

Assuming that the petition could have been brought in the Southern District of Texas,[3]

the Court finds that convenience does not militate in favor of transfer.  The interests of efficiency

and justice weigh strongly against transfer, in light of the risk that continued delays risk the loss

of evidence to time in a matter that has been continuously litigated for the past decade.  *See*

*N.L.R.B. v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979) (noting that courts

---

[3]     Of the *N.L.R.B. v. Cooper Tire & Rubber Co.*, 438 F.3d 1198, 1202 (D.C. Cir. 2006), factors, only the headquarters of the subpoenaed entities and the location of the evidence would support a finding of proper venue in the Southern District of Texas.

should adjudicate NLRB subpoena enforcement actions promptly to avoid "thwarting the expeditious discharge of the agency's responsibilities"); 2013 NLRB Op.

Because the underlying investigation concerns labor law violations in New York, the locus of operative facts is in this district. *See* 2013 NLRB Op. at 1048. Although Respondents are located in the Southern District of Texas, documents and witnesses related to their relationship to the underlying labor law violation are likely to be located, at least in part, in this district. Documents located outside of this district can be transferred electronically, and the NLRB is able to use process to compel testimony from any unwilling witnesses. *See Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.") (citation omitted). Respondents, who are located out of this district, may be somewhat inconvenienced by proceedings located in New York; on balance, however, the location of evidence and witnesses, convenience of the witnesses, and convenience of the parties factors favor venue in this district.

## IV.    The Motion to Compel Compliance with the NLRB's Subpoenas Is Granted

"The courts' role in a proceeding to enforce an administrative subpoena is extremely limited." *N.L.R.B. v. Am. Med. Resp.*, 438 F.3d 188, 192 (2d Cir. 2006) (cleaned up). The NRLB need only show "(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already in its possession, and (4) that the administrative steps required have been followed." *Id*. (cleaned up). So long as these criteria are met, the subpoena is enforced unless it "is unreasonable, or issued in bad faith or for other improper purposes, or [if] compliance would be *unnecessarily* burdensome." *Id*. at 192–93 (cleaned up).

The NLRB has satisfied its "minimal" burden of establishing that the subpoenas are *prima facie* enforceable.  *N.L.R.B. v. AJD, Inc.*, 2015 WL 7018351, at *4 (S.D.N.Y. Nov. 12, 2015) (enforcing NLRB subpoena).  Respondents suggest, in a conclusory way, that the requested documents are irrelevant to the NLRB's inquiry because the NLRB has not demonstrated that two of the Respondents, CIE and USC, are connected to NYPS.  Resp'ts Mem. ¶ 13.  The Court defers to the NLRB's determination of relevancy, "which must be accepted as long as it is not obviously wrong."  *Am. Med. Resp.*, 438 F.3d at 193.  Investigation into whether the Respondents are sufficiently intertwined to be jointly liable clearly falls within the NLRB's statutory authority.  *See N.L.R.B. v. C.C.C. Assocs.*, 306 F.2d 534, 539 (2d Cir. 1962) (affirming NRLB's authority "to inquire into the questions of derivative liability"); *see also* Op., *NLRB v. New York Party Shuttle, LLC*, 15-MC-233, Dkt. 14 at 1–2 (S.D.N.Y. 2015) (enforcing NLRB subpoenas issued to determine whether other entities may be liable for the unpaid compensation claim against NYPS).

Because the subpoenas address topics squarely within the scope of the NLRB's investigation, they are not unreasonable or issued for an improper purpose.  Respondents offer only vague claims that compliance with the subpoenas would be unduly burdensome; that is not sufficient to satisfy their burden.  *AJD, Inc.*, 2015 WL 7018351, at *4 ("[G]eneral allegations — such as those relied on by Respondents here — are insufficient to establish that compliance with a subpoena would place an undue burden on the respondent.").

The Court declines to grant Respondents an additional opportunity to oppose the NLRB's motion.   Resp'ts Mem. ¶ 5.  The deadline for Respondents' to show cause why they should not be ordered to comply with the NLRB's subpoenas was March 24, 2023.  Order, Dkt. 6. Respondents filed a motion to dismiss that raised only cursory objections to the merits of the

NLRB's motion to compel.  Resp'ts Mem. ¶ 13.  In the three months since the Court warned Respondents that it was inclined to grant the motion to compel, Respondents have not indicated that they have any further grounds on which to press a non-frivolous objection.

### V.     The NLRB Is Awarded Fees and Costs

Federal Rules of Civil Procedure 37 and 45, which apply to motions to compel compliance with administrative subpoenas through Rule 81, provide that a party who successfully moves to compel compliance with discovery requests after the subpoenaed party's noncompliance is entitled to an award of fees and costs.  *See N.L.R.B. v. DN Callahan, Inc.*, 2018 WL 4190153, at *6 (E.D.N.Y. Aug. 7, 2018), *report & recommendation adopted*, 2018 WL 4185704 (Aug. 31, 2018) (awarding NLRB fees and costs associated with motion to compel compliance with an administrative subpoena).  Fees are particularly appropriate in this case, as Respondents repeatedly attempted to evade service and have had numerous opportunities to comply with the subpoenas.  Letter, Dkt. 18; Order, Dkt. 19.

### CONCLUSION

For the foregoing reasons, Respondents' motions to dismiss and to transfer are DENIED. The NLRB's motions to compel compliance with its subpoenas and for an award of fees and costs are GRANTED.  The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 4 and 9, and to CLOSE the case.

Not later than **November 30, 2023**, Respondents must comply in full with the NLRB's subpoenas.  The parties are ordered to meet and confer on the amount of reasonable fees, and to file a joint status update by **December 15, 2023**.  If the parties cannot reach a resolution as to the

amount of reasonable fees, the NLRB must file a motion for fees not later than **January 31, 2024**.


**SO ORDERED.**

**Date:   November 16, 2023**
**        New York, New York**
  
_____
             **VALERIE CAPRONI**
        **United States District Judge**