UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** : | |
| : | |
| **Applicant,** : | |
| : | |
| v. : | No. 1:23-mc-51 (VEC) |
| : | |
| **CHARLES THOMAS SCHMIDT;** : | |
| **PARTY SHUTTLE TOURS, LLC;** : | |
| **CITY INFO EXPERTS, LLC;** : | |
| **UNIVERSAL SMART CONTRACTS, LLC;** : | |
| : | |
| **Respondents.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE NATIONAL LABOR RELATIONS BOARD TO LIQUIDATE ATTORNEYS' FEES AND COSTS**

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.   The NLRB's attorney fees should be calculated at the prevailing market rate in Washington, D.C. ........................................................................................................ 2

        A.  Legal Standard .................................................................................................. 2

        B.  Analysis ............................................................................................................ 3

    II.  The NLRB should be reimbursed for amounts calculated using the Fitzpatrick Matrix. .... 5

        A.  Legal Standard .................................................................................................. 5

        B.  Analysis ............................................................................................................ 5

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases** .................................................................................................................................**Page(s)**

*Adams v. New York State Education Dept.*,
  630 F.Supp.2d 333 (S.D.N.Y. 2009) ....................................................................................... 5

*Anthony v. Franklin First Financial, Ltd.*,
  844 F.Supp.2d 504 (S.D.N.Y. 2012) ....................................................................................... 6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Board of Elections*,
  522 F.3d 182 (2d Cir. 2008) .................................................................................................... 2

*Blum v. Stenson*,
  465 U.S. 886 (1984) ............................................................................................................ 2, 5

*Fox v. Vice*,
  563 U.S. 826 (2011) ................................................................................................................ 4

*Goldberger v. Integrated Resources, Inc.*,
  209 F.3d 43 (2d Cir. 2000) ...................................................................................................... 2

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*,
  No. 96-cv-8414, 2024 WL 171392 (S.D.N.Y. Jan. 9, 2024) ................................................... 4

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................................................ 2, 6

*In re Terrorist Attacks on Sept. 11, 2001*,
  No. 03 MDL 1570(GBD)(FM), 2015 WL 6666703 (S.D.N.Y. Oct. 28, 2015) ....................... 6

*J.T. v. District of Columbia*,
  652 F.Supp.3d 11 (D.D.C. 2023) ............................................................................................ 6

*N.G.B. v. New York City Department of Education*,
  No. 21-cv-11211 (LJL), 2023 WL 2711753 (S.D.N.Y. Mar. 30, 2023) .................................. 6

*Napier v. Thirty or More Unidentified Federal Agents, etc.*
  855 F.2d 1080 (3d Cir. 1988) .................................................................................................. 2

*NLRB v. A.G.F. Sports Ltd.*,
  No. 93-mc-049, 1994 WL 507779 (E.D.N.Y. June 22, 1994) ................................................ 2

*NLRB v. Local 3, International Brotherhood of Electrical Workers*,
  471 F.3d 399 (2d Cir. 2006) .................................................................................................... 2

*Ohr v. Latino Express, Inc.*,
  No. 11-cv-2383, 2015 WL 13000252 (N.D. Ill. May 28, 2015) ............................................. 6

*Reiter v. MTA New York City Transit Authority*,
  457 F.3d 224 (2d Cir. 2006) .................................................................................................... 5

*Russian School of Mathematics, Inc. v. Sinyavin*,
  No. 23-cv-8103 (PMH), 2024 WL 292277 (Jan. 25, 2024) .................................................... 4

*Simmons v. New York City Transit Authority*,
   575 F.3d 170 (2d Cir. 2009) ................................................................................................ 3

*Wisconsin v. Hotline Industries, Inc.*,
   236 F.3d 363 (7th Cir. 2000) ............................................................................................... 2

*Yea Kim v. 167 Nail Plaza, Inc.*,
   No. 05-cv-8560, 2009 WL 77876 (S.D.N.Y. Jan. 12, 2009) ....................................................... 5

**Rules** ............................................................................................................................**Page(s)**

Fed. R. Civ. P. 37 ................................................................................................................... 6

Fed. R. Civ. P. 45 ................................................................................................................... 6

Pursuant to this Court's November 16, 2023 Order, the National Labor Relations Board (the "NLRB") respectfully submits this memorandum in support of its motion that this Court liquidate the NLRB's attorneys' fees and costs, as incurred in the litigation of the underlying subpoena enforcement matter, and levy that amount, jointly and severally, against Charles Thomas Schmidt ("Mr. Schmidt"), Party Shuttle Tours, LLC ("Party Shuttle"), City Info Experts, LLC ("City Info Experts"), and Universal Smart Contracts, LLC ("Universal Smart Contracts") (collectively "Respondents").

## FACTUAL BACKGROUND

In this Court's Order, dated November 16, 2023 [ECF No. 22], the Court awarded the NLRB its attorneys' fees and costs as incurred during the preparation, filing, and litigation of its successful underlying Application for an Order Requiring Obedience with Administrative Subpoenas [ECF No. 4-1, *originally filed at* ECF No. 1]. The Court found that fees were permitted under Fed. R. Civ. P. 37 and 45 and warranted because "Respondents repeatedly attempted to evade service and have had numerous opportunities to comply with the subpoenas." [ECF No. 22, at p. 10].

As further directed by this Court's Order, the NLRB met and conferred with Respondents regarding the amount of reasonable fees. On December 14, 2023, the NLRB emailed Respondents with an estimate of the total amount of attorneys' fees and costs incurred during the litigation of the subpoena enforcement application: $36,833 in attorneys' fees and $321 in costs. [ECF No. 23-1]. Respondents did not agree to that amount, claiming it as unreasonable and excessive. [ECF No. 23-1, 24].

1

As the parties have failed to stipulate to an amount of reasonable fees, and pursuant to this Court's Order, the NLRB now presents this motion, detailing the applicable legal standard as well as the calculation of its fees and costs.

## ARGUMENT

### I. The NLRB's attorney fees should be calculated at the prevailing market rate in Washington, D.C.

#### A. Legal Standard

It is an accepted practice in the Second Circuit to calculate an attorney's fee by arriving at the lodestar figure, which is determined by multiplying the number of hours the attorney expended on the litigation by the attorney's hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (explaining the Second Circuit's historical and contemporaneous approaches to the calculation of fees). When it is the Government to whom the fees are awarded, federal courts have relied on the prevailing market rates. *See, e.g., NLRB v. Local 3, International Brotherhood of Electrical Workers*, 471 F.3d 399, 406-407 (2d Cir. 2006) (and cases cited therein); *NLRB v. A.G.F. Sports Ltd.*, No. 93-mc-049, 1994 WL 507779, at *1 (E.D.N.Y. June 22, 1994) ("it is established law in this Circuit that government attorneys may be reimbursed at the prevailing market rate"); *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 366 (7th Cir. 2000) (and cases cited therein); *Napier v. Thirty or More Unidentified Federal Agents, etc.*, 855 F.2d 1080, 1092-93 (3d Cir. 1988); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (for attorneys working in public interest firms, the attorney's fees should be calculated according to the "prevailing market rates in the relevant community.").

Under the Second Circuit's Forum Rule, the prevailing market rate, or "presumptively reasonable fee," is typically taken from the district in which the district court sits. *Arbor Hill*

*Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Board of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). However, a litigant can justify the use of an out-of-district hourly rate if they can "persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not possibly) produce a substantially better net result." *Simmons v. New York City Transit Authority*, 575 F.3d 170, 175 (2d Cir. 2009).

> In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise.…The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result.

*Id.* at 175-76. Among the ways a party can meet this standard is by showing local counsel did not possess the requisite expertise or that they did possess such expertise, but were unwilling or unable to take the case. *Id.* at 176.

### B. Analysis

The NLRB's counsel in Washington, D.C. successfully litigated the underlying subpoena enforcement application because they had the requisite expertise. As detailed in the attached affidavits of Amanda Leonard and David Boehm (*see* Exhibit 3 and 4), the NLRB's attorneys of record in this matter practice in Washington, D.C. The attorneys work out of the Contempt, Compliance, & Special Litigation Branch ("CCSLB") at the agency's D.C. headquarters. CCSLB is a centralized agency department that, among other things, investigates compliance with court enforced Board orders across the country and pursues subpoena enforcement as necessary in that capacity. As such, CCSLB attorneys have special expertise in these subpoena enforcement proceedings and with the investigative process that leads to the issuance of

3

administrative subpoenas. Additionally, the CCSLB attorneys issued the subpoena that precipitated this litigation and are familiar with the facts that led to this Court's judgment.

Applying the above test, the NLRB's use of CCSLB attorneys likely resulted in significant cost savings. CCSLB attorneys very regularly perform complex compliance investigations of exactly the sort at issue in this case. In particular, CCSLB regularly conducts investigations across district and even state lines, allowing its attorneys to be readily familiar with the venue provisions of Section 11 of the NLRA. Use of the NLRB's regional attorneys would have required those attorneys to, first, refamiliarize themselves with the particular details of the information sought to permit them to draft the application, and second, respond to venue-related arguments that they would be unfamiliar with, requiring consultation and research into an area of law they do not regularly practice in.[1] As a result, the referral of this case to CCSLB meant that less overall experience and time was required to draft the instant subpoena enforcement application.

---

[1] We note that a calculation using prevailing local market rates in New York City would likely produce a similar figure. *See, e.g.*, *Russian School of Mathematics, Inc. v. Sinyavin*, No. 23-CV-8103 (PMH), 2024 WL 292277 (Jan. 25, 2024) (awarding fees of $500 and $695 per hour for counsel and partner, respectively, for litigation over removal motion); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96-cv-8414, 2024 WL 171392, at *4 (S.D.N.Y. Jan. 9, 2024), report and recommendation adopted, 2024 WL 168320 (S.D.N.Y. Jan. 16, 2024) ($650 per hour for partners; $500 per hour for counsel). Courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Requiring the NLRB to recalculate the instant fees at New York City rates would in all likelihood cost more than it could possibly benefit respondents.

4

I.  **The NLRB should be reimbursed for amounts calculated using the Fitzpatrick Matrix.**

   A.  **Legal Standard**

"The fee applicant bears the burden of establishing the reasonableness of the hourly rates requested—in particular, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community." *Adams v. New York State Education Dept.*, 630 F.Supp.2d 333, 348 (S.D.N.Y. 2009) (quoting *Yea Kim v. 167 Nail Plaza, Inc.*, 05-cv-8560, 2009 WL 77876, at *7 (S.D.N.Y. Jan. 12, 2009)). Additionally, the requested rates should reflect those "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. at 896 n.11)).

   B.  **Analysis**

A summary statement of the Board's attorneys' fees (Fee Summary) is attached hereto. *See* Exhibit 1. The Board seeks its attorneys' fees computed at the rates set forth in the Fitzpatrick Matrix.[2] *See* Exhibit 2. The Fitzpatrick Matrix is developed and maintained by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) and shows the hourly rates of attorneys litigating in the District of Columbia, where counsel for the Board is based. The Matrix operates on two axes—the horizontal X axis showing the year in which the work was performed and the vertical Y axis showing the years of experience of the attorney performing the work. The "Explanatory Notes" that accompany the Matrix explain how the data on the grid was ascertained; in particular, it is based on attorneys' fees data from dockets in the U.S. District Court for the District of Columbia for cases encompassing a broad range of

---

[2] Available at USAO Attorney's Fees Matrix https://www.justice.gov/usao-dc/page/file/1504361/download (last accessed 01/30/2024).

litigation areas tried in federal court. *See generally N.G.B. v. New York City Department of Education*, No. 21-cv-11211 (LJL), 2023 WL 2711753, at *11, n.8 (S.D.N.Y. Mar. 30, 2023) (explaining the history and methodology of the Laffey and Fitzpatrick Matrices).

In connection with the subpoena enforcement proceeding, all the attorneys' fees incurred by the NLRB stem from the work of its CCSLB attorneys in Washington, D.C. The current USAO matrix provides a reasonable means for determining the prevailing market rate, as adjusted for years of experience. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570(GBD)(FM), 2015 WL 6666703, at *8 (S.D.N.Y. Oct. 28, 2015) (approving of the applicability of the Laffey Matrix, the precursor to the Fitzpatrick Matrix, in the District of Columbia area in the context of attorneys' fees awarded pursuant to Fed. R. Civ. P. 37); *J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 31-36 (D.D.C. 2023) (ranking the recently-developed Fitzpatrick Matrix over the Laffey Matrix because of its more accurate reflection of prevailing market rates for federal litigation in the District); *Ohr v. Latino Express, Inc.*, No. 11-cv-2383, 2015 WL 13000252, at *4 (N.D. Ill. May 28, 2015) (granting NLRB's statement of costs and expenses in contempt case in which USAO's "Laffey" matrix was used to determine hourly rate for CCSLB attorney based in Washington, D.C.).

The fee amounts sought are just based on the documentation provided in the sworn declarations of the NLRB's attorneys and the attorneys' attestations that they are claiming a conservative number of their hours, excluding time that would reasonably be considered "excessive, redundant, or otherwise unnecessary." *Anthony v. Franklin First Financial, Ltd.*, 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. at 424). The NLRB's attorneys have provided detailed declarations verifying their practice experience and attesting to the time they worked on this proceeding. *See* Exhibit 3 (Affidavit of Amanda

Leonard); Exhibit 4 (Affidavit of David P. Boehm). Based on the methodology explained above, the NLRB attorneys' fees are calculated to be $37,455.50.

In addition to its attorneys' fees, the NLRB submits the cost of hiring a process server in Texas, as Applicant was ordered by this Court to serve Respondents on multiple occasions [ECF Nos. 17, 19]. Edwards Civil Process billed the NLRB a cost of $123.21 for their services in this regard. *See* Exhibit 5. Reimbursement of the NLRB's process server expense is warranted given Respondent's repeated attempts to evade service. Additionally, the NLRB paid $198.21 to FedEx Office for the printing and compilation of the filings in this matter to be delivered to Judge Caproni. *See* Exhibit 6. The NLRB submits that the cost of serving papers and the cost of preparing paper copies of the filings is reasonably attributed to the litigation of the underlying subpoena enforcement matter.

## **CONCLUSION**

In sum, the NLRB requests that this Court order Respondents to reimburse the NLRB, jointly and severally, for its costs and reasonable attorneys' fees incurred during the course of these proceedings in the total amount of $37,776.92.

A proposed order is attached herewith.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

*/s/ David P. Boehm*
David P. Boehm
*Trial Attorney* (D.C. Bar 1033755)
Tel: (202) 273-4202
david.boehm@nlrb.gov

Amanda Leonard
*Trial Attorney*

Paul A. Thomas
*Supervising Attorney*

Contempt, Compliance, &
Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003
Fax: (202) 273-4244

Dated this 31st day of January, 2024
at Washington D.C.

8